KARLAN, SANDY, Associate Judge.
Appellant, the Husband, appeals a final judgment of dissolution of marriage entered on January 6,1997. Of the numerous points on appeal, we find that two have merit.
Prior to their marriage on November 7, 1992, the parties entered into an antenuptial agreement. According to the terms of that agreement, “each party forever waives any right to claim or seek any form of alimony or spousal support from the other.” Although the trial court applied the terms of the agreement in the dissolution proceeding and found that the agreement “does not provide for the granting of rehabilitative or permanent alimony,” it nevertheless awarded the Wife lump sum alimony based upon “justification” and the Husband’s ability to pay. The justification appears to be the fact that the Wife lost money as a result of the marriage because she used her premarital money to pay the Husband’s debts.
*58 There was no finding by the trial court that the parties’ antenuptial agreement was invalid based upon fraud or duress, unfairness, or unreasonableness. See Casto v. Casto, 508 So.2d 330 (Fla.1987). In his attempt to reimburse the Wife for money she lost during the marriage, the trial judge imper-missibly modified the parties’ agreement by awarding lump sum alimony, where the parties’ agreement specifically waived any modification unless “it was in writing signed by the parties.” See Snedaker v. Snedaker, 660 So.2d 1070 (Fla. 4th DCA 1995). Accordingly, we reverse the award of lump sum alimony. We also reverse the award of interest on the payments of lump sum alimony. As to all other aspects of the final judgment, we affirm.
AFFIRMED IN PART, REVERSED IN PART.
STONE, C.J., and PARIENTE, BARBARA J., Associate Judge, concur.